**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Craig Obbarius

Civil File No. 01-1709 (MJD/JGL)

Plaintiff,

v.

**MEMORANDUM AND ORDER**

Connecticut General Life Insurance Company, a foreign corporation, and Siemens Power Transmission and Distribution Company,

Defendants.

---

This matter is before the Court on Plaintiff's Motion to Remand this action to state court. Plaintiff commenced the underlying Complaint in state court, alleging breach of contract claims for Defendants' termination of his employment, retirement benefits, and health, life, and disability insurance.

**BACKGROUND**

Plaintiff Craig Obbarius ("Plaintiff") was a 55 year-old male who had been employed as a Systems Technician with Defendant Siemens Power Transmission and Distribution ("Siemens") for more than 31 years. Defendant Connecticut General Life Insurance Company ("Connecticut") contracted with Siemens to provide group medical, disability, accident, and life insurance benefits to Siemens employees. In February 1998, Plaintiff became disabled as a result of a coronary event that occurred while overseas on a trouble-shooting job. Plaintiff was initially placed on short-term disability under Connecticut's contract. In August 1998, Plaintiff's condition worsened. Plaintiff was eligible for and began receiving benefits under

FILED NOV 2 7 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Connecticut's long-term disability coverage. Plaintiff was also deemed "totally disabled" and qualified to receive disability benefits from the Social Security Administration.

In March 20, 2000, and September 1, 2000, Connecticut advised Plaintiff that under the terms of its policy, after 24 months, Plaintiff must be "totally disabled from any occupation for which you are or may reasonably become qualified based on education, training, or experience." Thereafter, on October 11, 2000, Connecticut discontinued all benefits to Plaintiff, asserting that its review of the records did not establish to its satisfaction that Plaintiff was still disabled from "any occupation." Plaintiff asserts that Connecticut's denial of benefits was in derogation of and in breach of its own contract, malicious in intent, and in violation of law. Plaintiff asserts that among other things, Connecticut disregarded the numerous medical records of his principal treating physician, Dr. Duncan, that he was permanently and totally disabled. Plaintiff claims that Connecticut deprived him of insurance benefits, causing him to suffer economically. Plaintiff claims that Connecticut's actions increased his stress and accelerated the deterioration of his mental and life-threatening physical condition. Plaintiff also asserts that Siemens's wrongful discharge deprived him of his full retirement benefits.

On September 17, 2001, Connecticut removed this action to federal court on the basis of diversity and federal question jurisdiction. On September 24, 2001, Plaintiff passed away. Plaintiff's attorneys now seek a remand pursuant to 28 U.S.C. § 1447(c).

**DISCUSSION**

A federal district court's jurisdiction to hear a civil case that has been removed from state court is limited to those cases over which the court has original jurisdiction. 28 U.S.C. § 1441(a). In this case, Connecticut bases its removal on both diversity of citizenship and federal

question. Defendant Siemens also supports removal on these bases. Plaintiff seeks to have this case remanded to state court. An action removed to federal court may be remanded to state court on the basis of a defect in the removal process or lack of subject matter jurisdiction. 28 U.S.C. § 1447(c).

With respect to federal question jurisdiction, Connecticut asserts that Plaintiff is seeking "welfare disability benefits" which are governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 101 et seq. Plaintiff acknowledges that although he did not specifically plead an ERISA claim, it may have some applicability to and preemptive effect on his state law claims that relate to his employee benefit plan. Plaintiff argues, however, that state courts have concurrent jurisdiction to decide ERISA issues, particularly when brought as a defense based on ERISA preemption.

It is well-established law that a federal question must appear on the face of Plaintiff's well-pleaded complaint in order to confer federal question jurisdiction. Louisville N.R. Co. v. Mottley, 211 U.S. 149, (1908). However, the Supreme Court in Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58 (1987), noted "[o]ne corollary of the well-pleaded complaint rule developed in the case law ... is that Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Id. at 63-64. The Court held that the issue of ERISA preemption fell within this corollary. Id. at 64 (finding that plaintiff's claims for breach of contract, retaliatory discharge and wrongful termination of disability benefits were within the scope of ERISA § 502(a)).

Based on the parties' arguments and briefs, the Court concludes that Plaintiff's claims fall directly within the scope of ERISA § 502(a). Plaintiff does not dispute this notion. Rather,

Plaintiff argues that the state court has concurrent jurisdiction over the claims, and therefore, remand is appropriate. The Court disagrees with Plaintiff's reasoning. "A congressional grant of concurrent jurisdiction in a statute does not imply that removal is prohibited." Williams v. Ragnone, 147 F.3d 700, 703 (8th Cir. 1998)(quoting 14A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3729, at 495 (2d ed. 1985)); see also, Nielson v. Soltis, 41 F.3d 1516 (10th Cir. 1994) (unpublished table decision); Warren v. United States, 932 F.2d 582, 585-86 (6th Cir. 1991); Dorsey v. City of Detroit, 858 F.2d 338, 341 (6th Cir. 1988). Claims governed by ERISA are properly removed to federal court unless Congress has "otherwise expressly provided." 28 U.S.C. § 1441(a). In this case, Congress has not indicated that claims governed by ERISA are not removable.

The Court finds that Connecticut properly removed this matter on the basis of federal question jurisdiction. "[T]he presence of even one federal claim gives the defendant the right to remove the entire case to federal court." Gaming Corp. of Am. v. Dorsey & Whitney, 88 F.3d 536, 543 (8th Cir. 1996). By raising claims that arise under federal law, Plaintiff subjected himself to the possibility that Defendants would remove the case to federal court. City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 164 (1997).

Accordingly, **IT IS HEREBY ORDERED** that:

Plaintiff's Motion to Remand (Clerk Doc. No. 7) is **DENIED**.

Dated: Nov. 27, 2001

Michael J. Davis
United States District Court Judge